Battle, J.
 

 When this case was before us twelve months ago, (see 4 Jones’ Eq. Rep. 281,) the effect which it has been since supposed, that the act of 1844, ch. 88, sec. 3, (Revised Code, ch. 119, sec. 6,) ought to have had upon the construction of the will mentioned in the pleadings, was not brought to our attention in the arguments then submitted. We have on that account been gratified that the cause has been presented to us again upon a petition to rehear it, and that the question which was omitted to be raised on the former occasion, has now been fully and ably argued by the counsel on both sides. Aided by the light which has been thrown upon the subject by these arguments, we think that we can show, conclusively, that the act of 1844, above referred to, has no bearing upon this point in the case, and that, consequently, the former decision must stand.
 

 The act of 1844, ch. 88, sec. 3, declared that “ every will shall be construed with reference to the real and personal estate comprised therein, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will.” This act was held, in the case of
 
 Battle
 
 v.
 
 Speight,
 
 9 Ired. Rep. 288, and again in
 
 Williams
 
 v.
 
 Davis,
 
 12 Ired. Rep. 21, to be
 
 *144
 
 prospective only, in its operation, and not to affect the construction of any will made prior to the time when it went into effect, though the testator may have died afterwards. The reason given for the decision in the case, first above mentioned, was that the Legislature could not have intended to change the meaning and legal effect which the language of the will bore at the time of its inception. Hence, the conclusion was, that the act was intended to apply only to wills thereafter to be executed or published. Upon such after made or published wills, it was manifest that the act of 1844 could not alter the rule of construction w'hich had prevailed before, (see
 
 Love
 
 v. Love, 5 Ired. Eq. 201, and other cases,) that in a bequest of a negro woman and her increase without any explanatory words, the legatee could not take a child of the woman born after the date of the will, and before the testator’s death. Indeed, the act would seem to make the application of the rule clearer, because the will, speaking and taking effect immediately before the death of the testator, could not embrace any increase of a female slave born before that. time.
 

 Such being the operation of the act of 1844, if it have any operation upon the case, at all, the counsel fqr the petitioners to rehear, are necessarily forced to rely, for the support of the construction for which they contend, altogether upon the effect of the act contained in the 27th section of the 119th chapter of the Revised Code, which says that “a bequest of a slave with her increase, shall be construed to include all her children born before the testator’s death, unless a contrary intention appear by the will. Now, it will be seen that upon the first hearing of this'cause, we did consider the question of the effect of this enactment, and decided that it could not apply to the construction of the will under consideration, because it was made and published before the act went into operation. It is obvious that we could not have decided otherwise without a direct violation of the principle adopted by the Court in
 
 Battle
 
 v. Speight, and reasserted in the case of
 
 Williams
 
 v.
 
 Davis
 
 to which we have heretofore referred. That principle is, that a statute which purports to change a rule of construction then
 
 *145
 
 applicable to devises and bequests, will not affect wills made before the time of its enactment, though the devisor or testator may not have died until afterwards.
 

 PeR Cceiam, Petition dismissed.